## Moyer's Estate.

*Wills—Probate—Issue devisavit vel non—Refusal of issue—Testamentary capacity — Undue influence — Evidence.*

On an application for an issue devisavit vel non it appeared that the testatrix was a widow without children, and that her nearest of kin were two brothers and a sister. To one brother, the contestant, with whom her relations were not cordial, she left a small legacy; and she divided the rest of her estate equally between the other brother, with

whom she lived, and her sister. The will was written by a justice of the peace for whom she had sent. He saw her in her room, with no other person present, and she gave him directions as to the disposition she wished to make of her property, and stated her reasons for not leaving more to the contestant. The justice wrote the will before leaving the room, and it was signed in the presence of witnesses not connected with any of the parties in interest. He took it away with him, and retained possession of it until her death four months later. Neither the brother nor the sister mainly benefited saw the will, or knew of its provisions until it was offered for probate. There was no evidence of lack of testamentary capacity nor of solicitation nor importunity. *Held*, that an issue was properly refused.

Argued Feb. 4, 1908. Appeal, No. 365, Jan. T., 1907, by Peter A. Shuler, from decree of O. C. Lehigh Co., Sept. T., 1906, No. 13, refusing an issue devisavit vel non in estate of Mary A. Moyer, deceased. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Appeal from register of wills. Before TREXLER, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree refusing issue devisavit vel non.

*Milton C. Henninger*, with him *George M. Lutz*, for appellant.

*James L. Schaadt*, with him *Chas. W. Kaeppel*, for appellees.

PER CURIAM, March 2, 1908 :
This appeal is from an order refusing an issue devisavit vel non asked for on the ground of mental incapacity and of undue influence. There was no evidence of either. The testatrix was a widow without children and her nearest kin were two brothers and a sister. To one brother, the contestant, with whom her relations were not cordial, she left a small legacy ; and she divided the rest of her estate equally between the other brother, with whom she lived, and her sister. There was not a word of testimony that raised a doubt as to her testamentary capacity. Nor was there any proof of solicitation or importunity. The will was written by a justice of the peace for

whom she had sent.    He saw her in her room with no other
person present and she gave him directions as to the disposi-.
tion she wished to make of her property and stated her reasons
for not leaving more to the contestant.    The justice of the
peace wrote the will before leaving the room and it was signed
in the presence of witnesses not connected with any of the
parties in interest.    He took it away with him and retained
possession of it until her death four months after.    Neither
the brother nor the sister mainly benefited saw the will or
knew of its provisions until it was offered for probate.    There
was no testimony that would sustain a verdict against the will
and the issue was properly refused.    The decree is affirmed at
the cost of the appellant.